UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-02536-LJM-TAB |
| | ) |
| A1 LUXURY LIMOUSINE OF SOUTH FLORIDA INC, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION FOR DEFAULT

On June 23, 2017, Plaintiff Richard Bell filed a Second Motion for Default Judgment against Defendant A1 Luxury Limousine of South Florida, Inc. ("Defendant"). Dkt. 22. The Court conducted a hearing on Bell's motion on August 9, 2017. Bell appeared, *pro* se, and Defendant failed to appear. Bell requested statutory damages against the Defendant in the amount of $150,000.00 plus costs of $417.50. Bell alleges that Defendant willfully and deliberately used his copyrighted picture, the Indianapolis Nighttime Photo (the "Photo"), on Defendant's website in violation of the Copyright Act. For the following reasons, the Court **GRANTS** Bell's Second Motion for Default Judgment.

## I. BACKGROUND

On September 23, 2016, Bell filed a Complaint alleging that he is the owner of the Photo, which the Defendant illegally downloaded and displayed as its own copyrighted work at http://www.partybusinindianapolis.com/party-bus-indianapolis.html (the "Website"). Dkt 1, ¶¶ 1, 6-14. Bell registered the Photo with the United States Copyright Office, which assigned it the Registration Number VA0001785115. Dkt. 1, ¶ 1.

In August 2016, Bell used the computer program "Google images" to discover that the Photo had been displayed on Defendant's Website. Dkt. 1, ¶ 18. Defendant did not disclose the source of the Photo or otherwise confer credit to Bell in placing the Photo on the Website. Dkt. 1, ¶ 19. Defendant did not pay for the right to publish the Photo. Dkt. 1, ¶ 23, 24. At the bottom of Defendant's Website and on the same page as the Photo, Defendant placed the following statement: "© Party Bus In Indianapolis." Dkt. 23-2 at 2.

On May 4, 2017, a summons (Dkt. 8) and the Complaint (Dkt. 1) were issued to the registered agent of Defendant, Eric Salat. Defendant never responded or answered the Complaint. On June 30, 2017, the clerk of the Court entered default against Defendant.

## II. STANDARD OF REVIEW

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). "The basic effect of an entry of default (step one) is that upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quotations marks and citations omitted). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## III. DISCUSSION

To establish his copyright infringement claims, Bell must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Defendant has

2

adequately pleaded that he owns the Photo and that the Defendant published the Photo on its website. Dkt. 1, ¶¶ 7-12.

Bell seeks maximum statutory damages of $150,000.00 for copyright infringement allowed under 17 U.S.C. § 504(c)(2), as well as costs in the amount of $417.50. The willfulness of Defendant plays a role in the damages available to the Plaintiff under 17 U.S.C. § 504(c)(2), which states in pertinent part: "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Absent a showing of willfulness, the Court may award statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." 17 U.S.C. § 504(c)(2).

Bell argues that by placing the statement "© Party Bus In Indianapolis" at the bottom of the Website page that contained the Photo, Defendant represented that it possessed the copyright for all of the works found on the Website. The Court finds Bell's reasoning persuasive absent any argument to the contrary. Defendant's deliberate action of placing common copyright marking language at the bottom of the Website could reasonably be considered to indicate that Defendant possessed the rights to all of the material on the Website. Moreover, Defendant failed to distinguish itself from the owner of the Photo, which further supports a finding of willfulness in the instant case.

## IV. **CONCLUSION**

For the foregoing reasons, Bell's Motion for Default Judgment is **GRANTED**. The Court finds that Defendant willfully infringed Bell's copyright and that Bell is entitled to statutory damages of $150,000.00, and costs in the amount of $417.50. The Court will enter judgment accordingly.

IT IS SO ORDERED this 18th day of August, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

ERIC SALAT
A1 LUXURY LIMOUSINE OF SOUTH FLORIDA, INC
10560 ARCOLE CT
WELLINGTON, FL 33449